IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| PEERLESS INDEMNITY INSURANCE COMPANY a/s/o JAM Enterprises,<br><br>Plaintiff,<br><br>vs.<br><br>HOANG T. VO and ANH N. NGUYEN d/b/a ARTISTIC NAILS & SPA,<br><br>Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. 1:15-cv-270-CMH/IDD<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED COMPLAINT

Comes now, Plaintiff, Peerless Indemnity Insurance Company, as subrogee of JAM Enterprises, by counsel and with the written consent of the defendants, files this Amended Complaint against Defendants Hoang T. Vo and Anh N. Nguyen d/b/a Artistic Nails & Spa, as follows:

## THE PARTIES

1. Plaintiff Peerless Indemnity Insurance Company ("Peerless") is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business located at 9450 Seward Road, Fairfield, Ohio. Peerless is duly authorized and licensed in the Commonwealth of Virginia to write property and casualty insurance coverage.

2. Plaintiff's subrogor, JAM Enterprises ("JAM") is a Virginia Partnership, who at all times hereinafter mentioned owned and operated an office building/shopping

center located at 1880 Howard Avenue, Vienna, Fairfax County, Virginia ("office building").

3. At all times relevant hereto, Peerless provided property insurance coverage to JAM against loss from certain perils and causing certain damages to its real property and business interests, and under which said insurance policy was in full force and effect.

4. Defendants Hoang T. Vo and Anh N. Nguyen d/b/a Artistic Nails & Spa ("Artistic Nails") are citizens of the Commonwealth of Virginia who at all relevant times owned and operated the Artistic Nails & Spa, at 1880 Howard Avenue, Suite 104, Vienna, Fairfax County, Virginia.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332, because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states in that the citizenship of plaintiff is completely diverse from the citizenship of the defendants.

6. Venue is appropriate in the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. §1391, in that the events and acts and omissions giving rise to this action occurred in the Eastern District of Virginia.

## FACTUAL ALLEGATIONS

7. At all relevant times, the office building consisted of a three-story building. The first floor of the office building contained the following retail businesses: Minuteman Press, Artistic Nail Salon and Salon Bella. The second and third floors of the office building contained office suites.

8. On or about January 8, 2010, defendants entered into a contract with JAM to lease Suite 104 on the first floor of the shopping center for purposes of operating a nail salon and day spa. A copy of the January 8, 2010 lease is attached as Exhibit "1".

9. On November 23, 2012, a fire occurred within Suite 104 and the fire spread to damage the tenant spaces occupied by Artistic Nail Salon, Minutemen Press, Salon Bella, as well office suites on the second and third floors of the building, thereby resulting in substantial damage to JAM's real property and business interests (hereinafter "the Fire").

10. The fire originated at or around the defendants' clothes dryer and was allowed to spread because defendants improperly stacked and discarded a substantial amount of combustible materials behind and around the dryer. These combustible materials included, but were not limited to, a plastic Christmas tree, umbrellas and plastic sandals.

11. The damages sustained to JAM's real property and business interests were a direct and proximate result of defendants' negligence.

12. Pursuant to the policy of insurance issued by Peerless to JAM, JAM made claim to Peerless for its losses as a result of the fire.

13. As a direct and proximate result of the foregoing fire and the negligent acts and omissions of the defendants, Peerless has paid JAM an amount in excess of Four Hundred Thousand and no/100 dollars ($400,000.00). As a result of its payments, plaintiff Peerless is subrogated to the rights of JAM to recover damages from third persons to the extent of the payments made by Peerless.

14. Plaintiff is not seeking to recover damages for repairs to the common areas of the shopping center.

15. The negligent acts and omissions of defendants and their employees, servants and/or agents, directly and proximately caused the damages which Plaintiff has suffered. Accordingly, defendants are liable to plaintiff for the previously described damages.

## COUNT 1 – NEGLIGENCE

16. Plaintiff reasserts the allegations contained in Paragraphs 1 through 15 set forth above as fully as if recounted at length herein.

17. Defendants, through themselves and their representatives, agents and assigns, owed a duty of care to use and occupy the leased premises so as not to cause harm to JAM's real property.

18. Defendants breached their duty by failing to exercise due care and were negligent in the following ways:

   a. permitted dangerous and unsafe fire hazards created by the storing and discarding of combustible materials behind and around their clothes dryer;

   b. negligently damaging the premises;

   c. failed to warn JAM and others of the dangers and unsafe fire hazard created by the careless storing and discarding of combustible materials behind and around their clothes dryer;

   d. failed to act in a reasonable and prudent manner; and

   e. otherwise failing to use due care in ways that may be disclosed during discovery.

19. As a direct and proximate result of defendants' negligent acts and omissions, the fire occurred and caused substantial damage to JAM's property in an amount in excess of Four Hundred Thousand and no/100 dollars ($400,000.00).

## COUNT II - BREACH OF CONTRACT

20. Plaintiff reasserts the allegations contained in Paragraphs 1 through 15 set forth above as fully as if recounted at length herein.

21. Defendants had a duty to comply with the terms of the lease.

22. Defendants failed or refused to perform its legal obligations under the lease in that it, *inter alia*:

   a. failed to keep the premises in good repair and as good as condition as at the time of the signing of the lease;

   b. permitted the creation of dangerous and unsafe fire hazards on the premises; and

   c. failed to return the premises in as good condition as at the time of the signing of the lease.

23. The aforementioned breach of contract by defendants, jointly and severally, proximately and directly caused the plaintiff's damages.

WHEREFORE, Peerless demands judgment against defendants Hoang T. Vo and Anh N. Nguyen d/b/a Artistic Nails & Spa in an amount in excess of Four Hundred Thousand and no/100 dollars ($400,000.00), together with interest, reasonable attorneys' fees as allowed by law, the costs of this action, and such other and further relief as this Court deems just and proper.

TRIAL BY JURY IS DEMANDED

This the 23rd day of April, 2015.

BRAULT PALMER STEINHILBER &
ROBBINS LLP


/s/ Thomas C. Palmer, Jr.
Thomas C. Palmer, Jr., Esquire
VSB #05144
3554 Chain Bridge Road, Suite 400
Fairfax, VA 22030
Phone: (703) 273-6400
Fax: (703) 273-3524
Email: tpalmer@thebraultfirm.com


OF COUNSEL:

Albert S. Nalibotsky, Esquire
QUICK, WIDIS & NALIBOTSKY, PLLC
2115 Rexford Road, Suite 100
Charlotte, NC 28211
Phone: 704-364-2500
Fax: 704-365-8734
Email: analibotsky@qwnlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of April, 2015, a copy of the foregoing Amended Complaint was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following participant:

Heather K. Bardot, Esquire
BANCROFT, McGAVIN, HORVATH & JUDKINS
3920 University Drive
Fairfax, Virginia 22030
*Counsel for Defendants, Hoang T. Vo and*
*Anh N. Nguyen d/b/a Artistic Nails & Spa*

/s/ Thomas C. Palmer, Jr.
Thomas C. Palmer, Jr., Esquire